# **EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re* : Chapter 11
:
Overseas Shipholding Group, Inc., *et al.*, : Case No. 12-20000 (PJW)
:
Debtors.[1] : Jointly Administered
:
: Hearing Date: May 16, 2013 at 9:30 a.m. (ET)
: Objections Due: May 9, 2013 at 4:00 p.m. (ET)
------------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(A), 363(B) AND 365(A) OF THE BANKRUPTCY CODE AUTHORIZING THE AMENDMENT AND ASSUMPTION OF AN UNEXPIRED LEASE FOR PREMISES IN GALVESTON, TEXAS**

Overseas Shipholding Group, Inc. ("OSG") and certain of its affiliates, as debtors and

debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Overseas Shipholding Group, Inc. (7623); OSG International, Inc. (7117); OSG Bulk Ships, Inc. (2600); 1372 Tanker Corporation (4526); Africa Tanker Corporation (9119); Alcesmar Limited (5306); Alcmar Limited (5307); Alpha Suezmax Corporation (1684); Alpha Tanker Corporation (6063); Amalia Product Corporation (3808); Ambermar Product Carrier Corporation (8898); Ambermar Tanker Corporation (7100); Andromar Limited (5312); Antigmar Limited (5303); Aqua Tanker Corporation (7408); Aquarius Tanker Corporation (9161); Ariadmar Limited (5301); Aspro Tanker Corporation (4152); Atalmar Limited (5314); Athens Product Tanker Corporation (9565); Atlas Chartering Corporation (8720); Aurora Shipping Corporation (5649); Avila Tanker Corporation (4155); Batangas Tanker Corporation (8208); Beta Aframax Corporation (9893); Brooklyn Product Tanker Corporation (2097); Cabo Hellas Limited (5299); Cabo Sounion Limited (5296); Caribbean Tanker Corporation (6614); Carina Tanker Corporation (9568); Carl Product Corporation (3807); Concept Tanker Corporation (9150); Crown Tanker Corporation (6059); Delphina Tanker Corporation (3859); Delta Aframax Corporation (9892); DHT Ania Aframax Corp. (9134); DHT Ann VLCC Corp. (9120); DHT Cathy Aframax Corp. (9142); DHT Chris VLCC Corp. (9122); DHT Rebecca Aframax Corp. (9143); DHT Regal Unity VLCC Corp. (9127); DHT Sophie Aframax Corp. (9138); Dignity Chartering Corporation (6961); Edindun Shipping Corporation (6412); Eighth Aframax Tanker Corporation (8100); Epsilon Aframax Corporation (9895); First Chemical Carrier Corporation (2955); First LPG Tanker Corporation (9757); First Union Tanker Corporation (4555); Fourth Aframax Tanker Corporation (3887); Front President Inc. (1687); Goldmar Limited (0772); GPC Aframax Corporation (6064); Grace Chartering Corporation (2876); International Seaways, Inc. (5624); Jademar Limited (7939); Joyce Car Carrier Corporation (1737); Juneau Tanker Corporation (2863); Kimolos Tanker Corporation (3005); Kythnos Chartering Corporation (3263); Leo Tanker Corporation (9159); Leyte Product Tanker Corporation (9564); Limar Charter Corporation (9567); Luxmar Product Tanker Corporation (3136); Luxmar Tanker LLC (4675); Majestic Tankers Corporation (6635); Maple Tanker Corporation (5229); Maremar Product Tanker Corporation (3097); Maremar Tanker LLC (4702); Marilyn Vessel Corporation (9927); Maritrans General Partner Inc. (8169); Maritrans Operating Company L.P. (0496); Milos Product Tanker Corporation (9563); Mindanao Tanker Corporation (8192); Mykonos Tanker LLC (8649); Nedimar Charter Corporation (9566); Oak

entry of an order substantially in the form attached hereto as <u>Exhibit D</u> under sections 105(a), 363(b) and 365(a) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"): (i) authorizing, to the extent required, Debtor OSG Lightering LLC ("<u>OSG Lightering</u>") to enter into, and perform under, the Addendum (as defined below) to the Lease Agreement (as defined below); (ii) authorizing OSG Lightering to assume that certain master services agreement dated as of December 10, 2010, between T&T Offshore, Inc. ("<u>T&T</u>"), as lessor, and OSG Lightering, as lessee, for premises located at on Pelican Island at 2915 Todd Road, Galveston, Texas, attached hereto as <u>Exhibit B</u> (the "<u>Lease Agreement</u>"), as amended by that certain addendum to the Lease Agreement dated April 17, 2013, attached hereto as <u>Exhibit C</u> (the "<u>Addendum</u>"); and

---

Tanker Corporation (5234); Ocean Bulk Ships, Inc. (6064); Oceania Tanker Corporation (9164); OSG 192 LLC (7638); OSG 209 LLC (7521); OSG 214 LLC (7645); OSG 215 Corporation (7807); OSG 242 LLC (8002); OSG 243 LLC (7647); OSG 244 LLC (3601); OSG 252 LLC (7501); OSG 254 LLC (7495); OSG 300 LLC (3602); OSG 400 LLC (7499); OSG America LLC (2935); OSG America L.P. (2936); OSG America Operating Company LLC (5493); OSG Car Carriers, Inc. (1608); OSG Clean Products International, Inc. (6056); OSG Columbia LLC (7528); OSG Constitution LLC (8003); OSG Courageous LLC (2871); OSG Delaware Bay Lightering LLC (4998); OSG Discovery LLC (8902); OSG Endeavor LLC (5138); OSG Endurance LLC (2876); OSG Enterprise LLC (3604); OSG Financial Corp. (8639); OSG Freedom LLC (3599); OSG Honour LLC (7641); OSG Independence LLC (7296); OSG Intrepid LLC (7294); OSG Liberty LLC (7530); OSG Lightering Acquisition Corporation (N/A); OSG Lightering LLC (0553); OSG Lightering Solutions LLC (5698); OSG Mariner LLC (0509); OSG Maritrans Parent LLC (3903); OSG Navigator LLC (7524); OSG New York, Inc. (4493); OSG Product Tankers AVTC, LLC (0001); OSG Product Tankers I, LLC (8236); OSG Product Tankers II, LLC (8114); OSG Product Tankers, LLC (8347); OSG Product Tankers Member LLC (4705); OSG Quest LLC (1964); OSG Seafarer LLC (7498);OSG Ship Management, Inc. (9004); OSG Valour Inc. (7765); Overseas Allegiance Corporation (7820); Overseas Anacortes LLC (5515); Overseas Boston LLC (3665); Overseas Diligence LLC (6681); Overseas Galena Bay LLC (6676); Overseas Houston LLC (3662); Overseas Integrity LLC (6682); Overseas Long Beach LLC (0724); Overseas Los Angeles LLC (5448); Overseas Martinez LLC (0729); Overseas New Orleans LLC (6680); Overseas New York LLC (0728); Overseas Nikiski LLC (5519); Overseas Perseverance Corporation (7817); Overseas Philadelphia LLC (7993); Overseas Puget Sound LLC (7998); Overseas Sea Swift Corporation (2868); Overseas Shipping (GR) Ltd. (5454); Overseas ST Holding LLC (0011); Overseas Tampa LLC (3656); Overseas Texas City LLC (5520); Pearlmar Limited (7140); Petromar Limited (7138); Pisces Tanker Corporation (6060); Polaris Tanker Corporation (6062); Queens Product Tanker Corporation (2093); Reymar Limited (7131); Rich Tanker Corporation (9147); Rimar Chartering Corporation (9346); Rosalyn Tanker Corporation (4557); Rosemar Limited (7974);Rubymar Limited (0767); Sakura Transport Corp. (5625); Samar Product Tanker Corporation (9570); Santorini Tanker LLC (0791); Serifos Tanker Corporation (3004); Seventh Aframax Tanker Corporation (4558); Shirley Tanker SRL (3551); Sifnos Tanker Corporation (3006); Silvermar Limited (0766); Sixth Aframax Tanker Corporation (4523); Skopelos Product Tanker Corporation (9762); Star Chartering Corporation (2877); Suezmax International Agencies, Inc. (4053);Talara Chartering Corporation (3744); Third United Shipping Corporation (5622); Tokyo Transport Corp. (5626); Transbulk Carriers, Inc. (6070); Troy Chartering Corporation (3742); Troy Product Corporation (6969); Urban Tanker Corporation (9153); Vega Tanker Corporation (3860); View Tanker Corporation (9156); Vivian Tankships Corporation (7542); Vulpecula Chartering Corporation (8718); Wind Aframax Tanker Corporation (9562). The mailing address of the Debtors is: 666 3rd Avenue, New York, NY 10017.

2

(iii) granting such other and further relief as may be just and proper. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of John J. Ray, III in Support of Debtors' Motion for Entry of an Order Pursuant to sections 105(a), 363(b) and 365(a) of the Bankruptcy Code Authorizing the Amendment and Assumption of an Unexpired Lease for Premises in Galveston, Texas (the "Ray Declaration"), attached hereto as Exhibit A. In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 363(b) and 365(a), as supplemented by Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On November 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors own or operate approximately 90 tankers around the world, enabling the safe and efficient transport of oil and petroleum products. OSG is one of the largest publicly traded tanker holding companies worldwide, based on the number of vessels, and is the only major tanker holding company with both a significant U.S. Flag and international fleet. A fulsome description of the Debtors' corporate structure and the events leading to the Chapter 11 Cases is set forth in the Declaration of Captain Robert E. Johnston in Support of First Day

3

Motions and Applications (D.I. 2) (the "First Day Declaration"), as filed with the Court on November 14, 2012.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' Chapter 11 cases.

6. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors (D.I. 97).

**Facts Relevant to This Motion**

7. On December 10, 2010, OSG Lightering and T&T entered into the Lease Agreement. Pursuant to the Lease Agreement, since January 1, 2011 (the "Lease Commencement Date"), OSG Lightering has leased from T&T approximately 5,000 square feet of warehouse space located on Pelican Island at 2915 Todd Road, Galveston, Texas (the "Lease Premises"). The Lease Agreement is currently set to expire on December 31, 2014 (the "Lease Expiration Date"). The Lease Premises serve as an offshore base for OSG Lightering, offering equipment storage and dock access for work boats, as well as certain services provided by T&T pursuant to the Lease Agreement such as loading, hose testing and repairs. The Lease Premises also include an office from which an OSG Lightering employee manages the operations that occur at the Lease Premises.

8. Pursuant to the Lease Agreement, OSG Lightering has paid to T&T monthly base rent of approximately $16,500 (or $198,000 annually) (the "Current Monthly Base Rent"). On April 17, 2013, OSG Lightering and T&T entered into the Addendum, which (subject to approval by this Court) will lower the monthly base rent as of May 1, 2013 to $15,500 (or

4

$186,000 annually) (the "New Monthly Base Rent"). In addition to monthly base rent, OSG Lightering pays to T&T fees for utilities and the various services that T&T provides at the Lease Premises, which in 2012 averaged $9,500 per month (the "Additional Fees" and, together with the New Monthly Base Rent, the "Rent"). Thus, the current Rent as of May 1, 2013 is approximately $25,000 a month (or $300,000 annually).

9. On March 5, 2013, this Court entered an Order Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending the Deadline by Which the Debtors Must Assume or Reject Unexpired Leases of Nonresidential Real Property (D.I. 970), extending the Debtors' time to assume or reject unexpired leases of nonresidential real property through and including June 12, 2013 (the "Nonresidential Leases Order").[2]

10. As of the date of this Motion, OSG Lightering has fulfilled all of its material obligations under the Lease Agreement and has not received a notice of default from T&T. The monthly Rent for the Lease Agreement is relatively low (i.e. currently approximately $25,000 a month) compared not only to other available properties in the market but also as against the significant revenues (approximately $136 million in 2012) generated by OSG Lightering, for which the Lease Premises serve as an integral part.

**Relief Requested**

11. By this Motion, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit D (i) authorizing, to the extent required, OSG Lightering's entry into and performance under the Addendum to the Lease Agreement; (ii)

---

[2] While the Debtors, out of an abundance of caution, seek to assume the Lease Agreement, as amended by the Addendum, by the date established by the Nonresidential Leases Order, nothing herein constitutes an admission or representation as to whether the Lease Agreement falls within the scope of section 365(d) of the Bankruptcy Code.

5

authorizing OSG Lightering to assume the Lease Agreement, as amended; and (iii) granting such other and further relief as may be just and proper.

**Basis for Relief**

**A.     Amending the Lease Agreement Has a Sound Business Purpose.**

12.     Section 363(b)(1) of the Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 363(c)(1) of the Bankruptcy Code provides that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the Court orders otherwise, the trustee may enter into transactions . . . in the ordinary course of business, without notice or hearing and may use the property of the estate in the ordinary course of business without notice or a hearing.

13.     Assuming <u>arguendo</u> that Section 363(b)(1) does apply,[3] the Court should approve OSG Lightering's entry into the Addendum because the Debtors demonstrate a "sound business purpose" for doing so. <u>See</u> <u>In re Montgomery Ward Holding Co</u>, 242 B.R. 147, 153 (D. Del. 1999) ("In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a 'business judgment test.'"); <u>In re Del. Hudson Ry. Co.</u>, 124 B.R. 169, 177 (D. Del. 1991). In order to pass this test, a debtor must present some evidence that the proposed action is justified by "a good business reason," or, in other words, that the action will "aid the debtor's reorganization." <u>In re Lionel Corp.</u>, 722 F.2d 1063, 1071 (2d Cir. 1983) (quoted with approval in <u>In re Montgomery Ward</u>, 242 B.R. at 153-54).

---

[3]     The Debtors believe that amending the Lease Agreement is in the ordinary course of the Debtors' business, which relies on finding the most economical premises for their vessels and equipment and amending the related agreements from time to time. Nevertheless, as OSG Lightering also seeks to assume the Lease Agreement, as amended by the Addendum, the Debtors seek an order of this Court allowing OSG Lightering to enter into and perform under the Lease Agreement, as amended.

6

14. OSG Lightering's entry into the Addendum will aid the Debtors' reorganization. The Lease Premises serve a crucial purpose to the Debtors' profitable lightering business and cannot be easily replaced. The reduction of Rent under the Addendum will facilitate the Debtors' management of a reliable revenue stream and enjoyment at reduced costs of the benefits of the services provided at the Lease Premises.

**B.     Assumption of the Lease Agreement Is in the Best Interests of the Debtors' Estates.**

15. Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a); see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992). Section 1107 of the Bankruptcy Code provides the same power to a debtor-in-possession. 11 U.S.C. § 1107; In re Univ. Med. Ctr., 973 F.2d at 1075 n.12.

16. When determining whether to approve a debtor's decision to assume or reject an executory contract or unexpired lease, courts apply the "business judgment" rule. See NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3rd Cir. 1982). In order to assume a lease, a debtor-in-possession must make the determination to assume as an exercise of the debtor-in-possession's sound business judgment. In re ANC Rental Corp., Inc., 278 B.R. 714, 723 (Bankr. D. Del. 2002) (citing In re Montgomery Ward, 242 B.R. at 153).

17. A court's review of a decision to assume is a deferential one. See In re Bullet Jet Charter, Inc., 177 B.R. 593, 601 (Bankr. N.D. Ill. 1995) ("The bankruptcy judge should have a deferential view of the debtor's business judgment in this regard, but need not accept that judgment blindly."). The decision to assume need not be perfect or precise; instead it must only stem from sources other than the product of bad faith, gross abuse of discretion, whim or caprice. Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 756 F.2d 1043, 1046-47 (4th Cir. 1985); see In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr.

7

S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management, . . . ."); In re Chipwich, Inc., 54 B.R. 427, 430-31 (Bankr. S.D.N.Y. 1985) (finding a court should not interfere with a debtor's decision to assume or reject "absent a showing of bad faith or abuse of business discretion").

18. The Debtors have determined, in their sound business judgment, that it is in the best interests of the Debtors, their estates and their stakeholders to remain in the Lease Premises for the remainder of the leased term. As noted in the Ray Declaration and above, the Lease Agreement is important to the Debtors' ongoing operations and efforts to maximize value for the benefit of all stakeholders. The Debtors have also secured further reductions in their obligations through the Addendum. By assuming the Lease Agreement, OSG Lightering preserves its use and enjoyment of the Lease Premises without disruption to its operations and for relatively low rent. Additionally, OSG Lightering reserves the right to assign the Lease Agreement pursuant to section 365(f) of the Bankruptcy Code. Therefore, the Debtors have determined, in the exercise of their sound business judgment, that assumption of the Lease Agreement is in the best interests of the Debtors' estates.

C.   **Cure and Adequate Assurance of Future Performance**

19. Section 365(b)(1) of the Bankruptcy Code requires that "[i]f there has been a default in an executory contract or unexpired lease of the debtor," the debtor cannot assume such executory contract or unexpired lease unless and until the debtor: (i) cures, or provides adequate assurance that the debtor will promptly cure, any outstanding defaults under the executory contract or unexpired lease to be assumed; (ii) compensates, or provides adequate assurance that the debtor will promptly compensate, any non-debtor party to the executory contract or unexpired lease to be assumed for any pecuniary loss resulting from such default; and (iii)

8

provides adequate assurance of future performance under the executory contract or unexpired lease to be assumed. 11 U.S.C. § 365(b)(1).

20. As of the date of this Motion, OSG Lightering has complied with all of its material obligations under the Lease Agreement and the Debtors are not aware of any defaults thereunder. Therefore, OSG Lightering is under no obligation to pay any cure amounts, pay any compensation or provide adequate assurance of future performance. OSG Lightering is willing and capable of continuing to perform all obligations under the Lease Agreement.

21. To the extent that T&T identifies any cure amounts that it alleges are due and payable and timely files and serves an objection to this Motion in accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware specifying (i) the basis for such objection and (ii) the liquidated cure amount alleged to be owing, the Debtors will, in consultation with the Committee, undertake to confer with T&T concerning such amounts.

**D.     Reservation of Rights**

22. OSG Lightering's assumption of the Lease Agreement remains subject to Court approval. The Debtors reserve the right to withdraw the Motion in whole or in part prior to entry of an order approving the above-listed actions (including, without limitation, as a result of a timely filed objection asserting any cure amounts). Moreover, in the event the Court declines to grant any aspect of the relief sought in this Motion, the Lease Agreement will not have been assumed and all respective rights and defenses are reserved.

**Notice**

23. Notice of the Motion has been given via first class mail and/or hand delivery to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) T&T; and (iv) the general service list

established in these Chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

24. No prior request for the relief sought herein has been made to this or any other court.

[*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*]

**WHEREFORE**, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as <u>Exhibit D</u> (i) granting this Motion and the relief requested herein and (ii) granting such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: April 25, 2013<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley *(admitted pro hac vice)*<br>Luke A. Barefoot *(admitted pro hac vice)*<br>Jane VanLare (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ William M. Alleman, Jr.*<br>Derek C. Abbott (No. 3376)<br>Daniel B. Butz (No. 4227)<br>Ann C. Cordo (No. 4817)<br>William M. Alleman, Jr. (No. 5449)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |

11